MILLER NASH GRAHAM & DUNN LLP
Phillip Allan Trajan Perez, Bar No. 234030
trajan.perez@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone: 562.435.8002
Facsimile: 562.435.7967

Attorneys for Plaintiff
TUG CONSTRUCTION, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TUG CONSTRUCTION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>M/V LELA FRANCO, O.N. 1258229, *in rem*, and HARLEY MARINE FINANCING, LLC,<br><br>Defendants. | IN ADMIRALTY<br>Case No.<br><br>VERIFIED COMPLAINT FOR ARREST OF VESSEL |

The Verified Complaint of Tug Construction, LLC against the M/V LELA FRANCO, O.N. 1258229, *in rem*, and Harley Marine Financing, LLC, *in personam*, in a cause of action both civil and maritime, within the meaning of Fed. R. Civ. P. 9(h), respectfully alleges:

## I. JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 USC § 1333 and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This is a possessory action brought under Rule D of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, brought by Tug Construction, LLC ("Tug Construction"),

the documented owner of the towing vessel LELA FRANCO, O.N. 1258229 ("LELA FRANCO" or the "Vessel"), from Harley Marine Financing, LLC ("HMF") for failure and refusal to return the LELA FRANCO after the termination of a bareboat charter of LELA FRANCO's to HMF. The Court has *in rem* jurisdiction over the LELA FRANCO because the LELA FRANCO is currently within the jurisdiction or is expected to be in this District during the pendency of this action. The Court has *in personam* jurisdiction over HMF as HMF is doing business in the district, and supplemental jurisdiction over claims against HMF pursuant to 28 USC § 1367.

2. Venue is proper pursuant to 28 USC § 1391(b) and because the LELA FRANCO is currently located within the district.

## II. PARTIES

3. At all times material hereto, Tug Construction was and is a limited liability entity organized and existing under the laws of the State of Washington.

4. LELA FRANCO is a towing vessel documented under the laws of the United States and having the designated Official Number of 1258229.

5. At all times pertinent, the documented owner of the LELA FRANCO was and is Tug Construction. A true and correct copy of the LELA FRANCO's Certificate of Documentation and Abstract of Title are attached to this Verified Complaint as **Exhibit A** and **Exhibit B**, respectively.

6. Upon information and belief, at all times pertinent, the LELA FRANCO was chartered to HMF, a limited liability company having its principal place of business in Seattle, Washington, and doing business within the Central District of California.

7. On information and belief, the LELA FRANCO is within this District, or will be within this District, during the pendency of this action. On

information and belief, the LELA FRANCO is currently being operated by HMF within the Port of Los Angeles, California.

## III. THE FACTS

8. On June 19, 2015, Tug Construction bareboat chartered the LELA FRANCO to Millennium Maritime Inc., an HMF-affiliated entity, pursuant to the terms of a Bareboat Charter agreement, a true and correct copy of which is attached hereto as **Exhibit C**. The Bareboat Charter was of indefinite duration, but terminable at will upon the giving of notice by either party. The Bareboat Charter did specify, however, that at the conclusion of the charter, an off-hire survey would be conducted to establish the condition of the vessel for the purpose of redelivery. If the vessel was not returned in the same good condition as upon delivery, less ordinary wear and tear, then the vessel would not be deemed redelivered, and the charterer would be required to continue paying hire on the vessel until it was restored to good condition.

9. Between 2015 and 2018, Tug Construction entered into Bareboat Charter agreements of four additional towing vessels owned by Tug Construction, the DR. HANK KAPLAN, the EARL REDD, the MICHELLE SLOAN, and the RICH PADDEN, to HMF-affiliated entities. The forms of the Bareboat Charter agreements for each these additional charters were the same as the Bareboat Charter for the LELA FRANCO, but with different affiliated with HMF and differing rates of charter hire.

10. On December 8, 2017, Millennium Maritime Inc. assigned its rights under the Bareboat Charter of the LELA FRANCO to HMF. A true and correct copy of this assignment is attached to this Verified Complaint as **Exhibit D.** At the same time, the bareboat charter agreements for the DR. HANK KAPLAN, the EARL REDD, and the MICHELLE SLOAN were all similarly assigned to HMF.

11. On January 3, 2019 HMF terminated its charter of the Dr. HANK KAPLAN and the EARL REDD, and subsequently returned both vessels to Tug Construction.

12. Subsequently, on February 12, 2019, Tug Construction sent HMF a letter notifying HMF that Tug Construction was terminating HMF's charters of the LELA FRANCO, the MICHELLE SLOAN, and the RICH PADDEN, effective February 28, 2019, the last date through which hire for the vessels had been paid. A true and correct copy of this letter is attached to this Verified Complaint as **Exhibit E**. At the time HMF was notified of this termination, the LELA FRANCO was being operated by HMF in the vicinity of Los Angeles, California.

13. HMF acknowledged Tug Construction's charter termination in an email dated February 21, 2019, and committed to return the MICHELLE SLOAN and the RICH PADDEN to Tug Construction by the February 28, 2019 redelivery date. A true and correct copy of this email is attached to this Verified Complaint as **Exhibit F**. HMF returned the MICHELLE SLOAN and the RICH PADDEN to Tug Construction by the redelivery date.

14. With regards to the LELA FRANCO, however, HMF, by and through its legal counsel, Mr. Richard Chesley, initially asserted that Tug Construction had failed to provide adequate notice of termination, but later agreed that HMF would return the Vessel to Plaintiff by March 8, 2019 in the vicinity of Los Angeles, California. A true and correct copy of Mr. Chesley's e-mail to Ms. Chris Helmer, legal counsel for Plaintiff, confirming HMF's agreement to return the Vessel by March 8, 2019 is attached hereto as **Exhibit G**.

15. HMF failed to return the Vessel to Plaintiff by March 8, 2019, and unilaterally asserted that it would return the Vessel to Plaintiff by March 15, 2019.

16. On March 12, 2019 legal counsel for Plaintiff sent legal counsel for HMF, Mr. Chesley, a letter by electronic mail and U.S. first class mail notifying HMF that it was in breach of its obligation to return the Vessel by March 8, 2019, as agreed, and demanded the return of the Vessel by no later than March 15, 2018. A true and correct copy of that letter is attached as **Exhibit H**. Neither Mr. Chesley nor HMF responded to the letter.

17. Plaintiff's marine surveyor, Mr. William Kelley, attempted to confirm with HMF the return of the Vessel on March 15, 2019, but HMF's representatives confirmed only that the Vessel would not be returned by March 15, 2019. A copy of the e-mail chain between Plaintiff's marine surveyor, Mr. Kelley, and representatives of HMF, dated March 13, 2019, confirming these facts is attached hereto as **Exhibit I**.

18. HMF failed to return the Vessel to Tug Construction on March 15, 2019, and will not respond to inquiries or otherwise advise as to when they plan to return the Vessel to Tug Construction.

19. While HMF did return the DR. HANK KAPLAN, the EARL REDD, the MICHELLE SLOAN, and the RICH PADDEN to Tug Construction, all of the vessels were returned in improper and deficient condition, which will necessitate substantial maintenance and repair work to bring the tugs into the condition required for redelivery under the terms of the bareboat charter agreements. HMF has been notified of the deficiencies in the condition of the tugs upon tender of redelivery and of HMF's obligation to continue to pay Tug Construction charter hire until the deficient conditions are rectified, but HMF has either refused or failed to pay charter hire that is now due under the charter agreements for all the tugs other than the LELA FRANCO.

20. In spite of having been invoiced for its ongoing charter hire obligations to Tug Construction, HMF has failed to timely pay any of the money due. Tug Construction has reason to believe that HMF is in financial distress, and

is not paying its bills and obligations as they become due. Tug Construction fears that maritime liens for necessaries may be accumulating on the LELA FRANCO to Tug Construction's detriment, and urgently needs the repossession of its vessel.

21. Under federal maritime law and Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims, Tug Construction is entitled to the arrest the LELA FRANCO to regain its rightful possession of the vessel, and for the U.S. Marshal to thereafter promptly return possession of the Vessel to Plaintiff.

22. Under the terms of the Bareboat Charter, Plaintiff is entitled to recover from HMF Plaintiff's legal fees and costs incurred in this action. *See*, Exhibit A, section 9(d).

## IV. PRAYER FOR RELIEF

WHEREFORE, Tug Construction seeks the following relief:

1. That process issue for the arrest of the LELA FRANCO, pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims, Rule D;

2. That HMF's current possession of the LELA FRANCO be immediately terminated and that HMF's crew be removed from the LELA FRANCO;

3. That the court issue an Order to Show Cause, compelling Defendant HMF to appear before the court on an expedited basis and to show cause why the court should not order the U.S. Marshall to immediately turn over possession of the Vessel to Plaintiff;

4. That judgment be entered against HMF terminating any interest it may have in the LELA FRANCO through its respective charter parties or otherwise;

5. That judgment be entered in favor of Tug Construction and against HMF in an amount to be proven at trial for Tug Construction's damages,

fees, costs, and expenses incurred as a result of the matters alleged in this Verified Complaint; and

6. That Tug Construction have such other and further relief as in law and in equity it may be entitled to receive.

Dated: March 21, 2019

MILLER NASH GRAHAM & DUNN LLP

By: /s/ Phillip Allan Trajan Perez
Phillip Allan Trajan Perez
Attorneys for Plaintiff
TUG CONSTRUCTION, LLC

**VERIFICATION**

I, KURT REDD, verify under the penalty of perjury under the laws of the United States that I am the Managing Member of Tug Construction, LLC, the Plaintiff herein, and I am familiar with the Plaintiff's operations and those of its related member companies, that I have read the within and foregoing Verified Complaint, know the contents thereof upon information reviewed and provided to me, and believe the same to be true and correct.

Dated this 18 day of March, 2019.

KURT REDD

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
LONG BEACH

4830-0475-3548.1

- 8 -

VERIFIED COMPLAINT FOR ARREST OF VESSEL